IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JACQUELINE RAY GONZALEZ                                    PLAINTIFF

V.                                       NO. 10-5233

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Jacqueline Ray Gonzalez, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.**     **Procedural Background:**

Plaintiff protectively filed her current application for DIB on September 22, 2008, alleging an inability to work since October 15, 2000, due to problems resulting from rheumatic fever in 1991 which created problems, fibromyalgia, leaky heart valve, arthritis, heart murmur, high cholesterol, allergies, ulcer, hiatel hernia, hypothyroidism, chronic interstitial cystitis, carpal tunnel syndrome, colonitis, borderline asthma, chronic pain and legs that are red and purple color with knots. (Tr. 164, 181). Plaintiff's date last insured was September 30, 2008. An administrative hearing was held on November 10, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 33-67).

AO72A
(Rev. 8/82)

By written decision dated April 16, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - status post rheumatic fever, arthritis, fibromyalgia and obesity. (Tr. 11). However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift and carry ten pounds occasionally and less than ten pounds frequently. The claimant can sit for about six hours during an eight-hour workday and stand and walk for at least two hours during an eight-hour workday. The claimant would require a sit/stand option. The claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant cannot climb ladders, ropes, or scaffolds. The claimant can occasionally reach overhead and can frequently handle and finger. The claimant is to avoid concentrated exposure to dust, fumes, gases, odors and poor ventilation.

(Tr. 13). With the help of a vocational expert (VE), the ALJ determined Plaintiff would be capable of performing her past relevant work as a switchboard operator/hospital admitting clerk. (Tr. 16).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 26, 2010. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

AO72A
(Rev. 8/82)

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled

AO72A
(Rev. 8/82)

an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.     Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations. Guilliams, 393 F.3d at 801; Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." Id.

In the present case, in his RFC assessment, the ALJ found that Plaintiff could frequently handle and finger. However, it is noteworthy that in the report of Dr. Tad Morgan, who examined Plaintiff on December 15, 2008, a few weeks after Plaintiff's date last insured, Dr.

AO72A
(Rev. 8/82)

Morgan found that Plaintiff could not oppose her thumb/forefinger on either hand, could pick up a coin but with great difficulty, and had 50% normal grip of her right and left hand. (Tr. 462). Dr. Morgan concluded that Plaintiff had a "Severe limitation to walk, stand, sit, lift, carry, handle, or finger." (Tr. 463). Only a few weeks later, on February 2, 2009, Dr. Robert Redd completed a Physical RFC Assessment, finding that no postural, manipulative, visual, communicative or environmental limitations were established. (Tr. 475-477). The ALJ failed to address either of these findings.

The Court recognizes that the findings of Dr. Morgan and Dr. Redd are dated after Plaintiff's date last insured - September 30, 2008. However, Dr. Morgan's findings of severe limitations in Plaintiff's ability to handle and finger were given only a few weeks after the date last insured, and the transcript reflects that Plaintiff complained of problems with pain, swelling, and reduced sensation in her hands beginning in 1992, and continued to complain to her physicians thereafter. (Tr. 45-50, 201-202, 206-207, 209-210, 231, 241 275, 283, 297, 435, 557, 567, 675). On September 16, 2005, Dr. Robert H. Weaver, one of Plaintiff's treating physicians, diagnosed Plaintiff with hand pain. (Tr. 275). On July 21, 2006, a report from Northwest Arkansas Spine and Orthopedic Associates, noted reduced sensation in the fingers of both hands. (Tr. 567). It is also noted that Plaintiff was diagnosed with myalgias and arthralgias. (Tr. 395-396, 556). The Court also recognizes that x-rays of Plaintiff's wrists and hands were taken on January 22, 2009, after Dr. Morgan examined Plaintiff and before Dr. Redd completed his RFC assessment, and that Dr. Redd had the benefit of the x-rays. The x-rays indicated that some mild density overlying the soft tissues in the medial aspect of the left hand and left wrist, although no fracture or acute bony abnormality was seen. (Tr. 465-466). In addition, greater weight should

AO72A
(Rev. 8/82)

be given to an examining physician than a non-examining physician, and in a case such as this, when the opinions of Dr. Morgan and Dr. Redd are so close to the date last insured, and there is a conflict between the two, the Court believes the ALJ had a duty to inquire further regarding Plaintiff's ability to frequently handle and finger during the relevant time period. See <u>Dixon v. Barnhart</u>, 324 F.3d 997, 1002 (8th Cir. 2003)(holding that the ALJ relied too heavily on the opinion of the non-examining physician, Dr. Redd, rather than on opinion of the treating physician and state's examining physician).

Accordingly, the Court believes this matter should be remanded in order for the ALJ to more fully develop the record regarding Plaintiff's ability to frequently handle and finger during the relevant time period. The ALJ should submit interrogatories to Dr. Morgan relating to this issue, or obtain an RFC assessment from one of Plaintiff's treating or examining physicians.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a VE any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.     Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 13th day of March, 2012.

/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE